COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Agee and Senior Judge Coleman
Argued at Salem, Virginia


BUFFIE SUE CARTER
                                             OPINION BY
v.   Record No. 1946-00-3            JUDGE G. STEVEN AGEE
                                             MAY 15, 2001
JUSTIN GRAY CARTER


        FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                  Thomas H. Wood, Judge

        Peter J. Schwartz (Walter F. Green, IV, on
        brief), for appellant.

        Roger B. Willetts (Catherine A. McGuire;
        Edmunds, Willetts & Frank, P.C., on brief),
        for appellee.


     In 1996, Buffie Sue Carter (the appellant) married Justin

Carter (the father).  Subsequently, the father adopted the

appellant's five-year-old son, whom he had helped raise since

birth.  The appellant and the father also have a biological

daughter.

     In 1998, the parties separated.  In a child custody order of

December 21, 1999, the Augusta County Juvenile and Domestic

Relations District Court awarded custody of both children to the

father, finding such custody award to be in the best interests of

the children.  The appellant appealed this order to the circuit

court.  On August 1, 2000, the Augusta County Circuit Court

awarded custody of both children to the father.  The appellant

appeals that decision to this Court.

The appellant does not contest the custody order as it applies to the couple's daughter.  She argues that the trial court erred concerning her son's custody by not applying a presumption of custody in her favor as the biological parent over the father, the son's adoptive parent.[1]  We disagree because such a presumption does not exist under Virginia law.

Pursuant to Code § 63.1-219.22, previously codified at Code § 63.1-233, any child adopted shall "be, to all intents and purposes, the child of the person so adopting him [or her], and . . . shall be entitled to all the rights and privileges, . . . of a child of such a person born in lawful wedlock."  Accordingly, when an order of adoption becomes final, the adoptive parent obtains all the legal rights and obligations of a natural parent.  See Frye v. Spotte, 4 Va. App. 530, 533, 359 S.E.2d 315, 317 (1987).  The adoptive parent, in a stepparent adoption, becomes a joint guardian of the minor child along with the birth parent and is equally and jointly charged with the child's care, nurture, welfare, education and support.  Once the

---

[1] The appellant presented the issue on appeal as follows: "Did the Trial Court err in ruling that there is no presumption in favor of a natural parent over [a] non-natural parent in a custody case?"  This question as presented, however, is misleading and our opinion focuses solely on the facts presented in this case, which involve a custody determination between a child's biological parent and adoptive parent.

adoption is final, there is no distinction in law between the biological parent and the adoptive parent; they are parents to that child of equal rank and responsibility. The appellant and the father were, therefore, equally entitled to consideration as the custodial parent of their son.

Despite Code § 63.1-219.22, the appellant argues that the Commonwealth, as a matter of law, has a presumption in favor of the biological parent. She cites Bailes v. Sours, 231 Va. 96, 340 S.E.2d 824 (1986); Walker v. Brooks, 203 Va. 417, 124 S.E.2d 195 (1962); and Judd v. Van Horn, 195 Va. 988, 81 S.E.2d 432 (1954), in support of this proposition. Upon a review of these cases, we find that the Supreme Court of Virginia has adopted a presumption favoring a natural parent over a third party in a custody case where the third party is not an adoptive parent. However, this presumption is not applicable to the matter at bar because the father is not a third party but, rather, is a parent with all the rights and duties to the child as if that child had been born to him.

Our decision, while of first impression in the Commonwealth, is compatible with the case law of other jurisdictions. For instance, in Ivey v. Ivey, 445 S.E.2d 258 (Ga. 1994), the father appealed the custody order giving custody of the couple's two children to their mother, "especially [pertaining to] the oldest child," pointing out that he was the biological parent of both children while the mother was the oldest child's adoptive parent. The father argued that in a custody battle between a biological parent and an adoptive parent, there should be a rebuttable presumption that custody should be awarded to the biological

parent.

The Supreme Court of Georgia rejected this argument:

> "A decree of adoption creates the
> relationship of parent and child between
> [the adoptive parent] and the adopted
> individual, as if the adopted individual
> were a child of biological issue of the
> [adoptive parent]." Thus, an adoptive
> parent stands on the same footing and has
> the same rights and obligations as a
> biological parent. It follows that in a
> custody dispute between a biological parent
> and an adoptive parent preference cannot be
> given to the biological parent. The test in
> a custody case of that kind is the same as
> in any child custody case, i.e., what is in
> the best interest of the child.

Id. at 260. See also Commonwealth ex rel. Michael R. v. Robert R. R., 437 A.2d 969, 972 (Pa. Super. Ct. 1981) ("A decree of adoption directs 'that the person proposed to be adopted shall have all the rights of a child and heir of the adopting parent . . . and shall be subject to the duties of a child to him . . . .' For the purposes of determining custody, therefore, [son] is as much the father's son as he is the mother's.").

Accordingly we uphold the trial court's decision not to apply a presumption in favor of the biological parent. The decision of the trial court, which was based on the best interests of the child pursuant to Code § 20-124.3, is affirmed.

Affirmed.